## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## KANSAS CITY DIVISION

| | | |
|---|---|---|
| **PATRICK GOHEEN, Individually, and** | ) | |
| **on behalf of All Others Similarly Situated,** | ) | |
| | ) | <u>**Jury Trial Demanded**</u> |
| *Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | **CLASS AND COLLECTIVE** |
| | ) | **ACTION** |
| **HOMEADVISOR, INC. and DOES 1-10,** | ) | |
| | ) | **CASE NO. _____** |
| *Defendants.* | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>CLASS AND COLLECTIVE ACTION COMPLAINT</u>

Plaintiff Patrick Goheen ("Goheen" or "Plaintiff"), by and through his undersigned counsel, brings this action against defendants HomeAdvisor, Inc. ("HomeAdvisor") and Does 1-10 (the "Unnamed Defendants" or "Does 1-10") (collectively, the "Defendants"):

### <u>INTRODUCTION</u>

1.      This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and Fed. R. Civ. P. 23 by Plaintiff on behalf of himself, individually, and all similarly situated individuals employed by Defendants.

2.      Plaintiff, and all similarly-situated individuals employed by Defendants, allege that Defendants have committed violations of: (1) the FLSA, 29 U.S.C. §§ 201, *et seq.*; (2) Kansas Wage Payment Act ("KWPA"), Kan. Stat. § 44-313 *et seq.*; (3) Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 (and applicable Wage Orders issued under 7 C.C.R. § 1103-1); (4) New York Labor Law ("NYLL") § 650 *et. seq.* and 12 NYCRR § 142-2.2, and; (5) Kansas, New York, Indiana, and Colorado state common law.

3.    Plaintiff seeks to recover unpaid wages and overtime owed to Plaintiff and to all other similarly-situated employees who have worked as hourly employees ("HomeAdvisor Call Center Workers") at Defendants' call center facilities located in Kansas, New York, Indiana, and Colorado at any time during the applicable statute of limitations prior to September 1, 2016, which is the effective date of a tolling agreement executed between Plaintiff and defendant HomeAdvisor.

4.    Plaintiff alleges that Defendants failed to pay HomeAdvisor Call Center Workers under the required rate of pay for overtime hours and for all time worked by means of company-wide uniform policies and/or practices.

5.    Pursuant to the FLSA, Defendants have failed to compensate Plaintiff and other similarly-situated employees by: (1) failing to pay overtime wages at the appropriate regular rate of pay by excluding bonuses, commissions, and other non-discretionary compensation from the rate calculation ("FLSA Regular Rate Class"), and (2) by requiring Plaintiff and other call center workers to perform pre-shift and post-shift "off-the-clock" work activities, including activities related to the operation of their computers ("FLSA Pre-/Post-Shift Class").

6.    Pursuant to Rule 23, Plaintiff also alleges the above overtime and wage violations on behalf of himself, individually, and all similarly-situated HomeAdvisor Call Center Workers ("Rule 23 Class") pursuant to Kansas, New York, Indiana, and Colorado state statutes and common law.

7.    Through these uniform policies or practices, Defendants deliberately failed and continue to fail to pay HomeAdvisor Call Center Workers the appropriate overtime rate of pay and for all time worked, including overtime wages, in violation of the FLSA and state law.

8.     On behalf of Plaintiff and those he seeks to represent, Plaintiff seeks relief for all uncompensated work, including unpaid wages and unpaid overtime wages; all penalties, liquidated damages, willful non-payment damages, and other damages permitted by law; restitution and/or disgorgement of all benefits obtained by Defendants unlawful business practices; injunctive and declaratory relief; all other forms of equitable relief permitted by law; reasonable costs and attorney's fees, and; service payments for all class representatives.

## JURISDICTION AND VENUE

9.     This action further invokes original jurisdiction under the Class Action Fairness Act, 28 U.S.C. 1332(d), diversity jurisdiction, and the supplemental jurisdiction of this Court to consider claims arising under Kansas law, Indiana law, New York law, and Colorado law.

10.     This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. §§ 201, *et seq.*

11.     This court has original jurisdiction over Plaintiff's and putative class members' state law claims pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d), as the Parties are diverse and the amount in controversy exceeds $5,000,000.00, exclusive of costs and interest.

12.     This Court also has supplemental jurisdiction over Plaintiff's state law statutory and common law claims under 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

13.     This Court has subject matter jurisdiction to issue a declaratory judgment under 28 U.S.C. § 2201 because an actual controversy exists between the parties, as set forth in this Complaint.

14.     Venue for this action properly lies in the District of Kansas, pursuant to 28 U.S.C. § 1391, because Defendants conduct business in this judicial district and because the claims arose in this judicial district.

**PARTIES**

15.     Plaintiff Patrick Goheen is a resident of Shawnee, Kansas.  Plaintiff Goheen worked as an hourly employee at Defendants' Lenexa, Kansas call center from August 2015 to July 2016.

16.     Opt-in Plaintiff Kristi Masten is a resident of Independence, Missouri.  Plaintiff Masten worked as an hourly employee at Defendants' Lenexa, Kansas call center from August 2010 to February 2016.

17.     Defendant HomeAdvisor, Inc. is a Delaware corporation doing business and in good standing in the State of Kansas, with its corporate headquarters located in Golden, Colorado.  Defendant may be served with a copy of the summons and complaint at its registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

18.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants Does 1-10 are unknown to Plaintiff at this time, and Plaintiff therefore names said defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this Complaint when the identities have been ascertained, and in accordance with the Federal Rules of Civil Procedure or any scheduling order entered by the Court.

19.     At all relevant times, HomeAdvisor has been regularly engaged in interstate commerce.

20.     At all relevant times, HomeAdvisor has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

21.     At all relevant times, HomeAdvisor has been an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

22.     At all relevant times, HomeAdvisor has been an "employer" within the meanings of: (1) Kansas Wage Payment Act ("KWPA"), Kan. Stat. § 44-313 *et seq.*; (2) Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 (and applicable Wage Orders issued under 7 C.C.R. § 1103-1), and; (3) New York Labor Law ("NYLL") § 650 *et. seq.* and 12 NYCRR § 142-2.2.

23.     At all relevant times, Does 1-10 have been regularly engaged in interstate commerce.

24.     At all relevant times, Does 1-10 have been an "enterprise" within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

25.     At all relevant times, Does 1-10 have been an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

26.     At all relevant times, Does 1-10 have been an "employer" within the meanings of: (1) Kansas Wage Payment Act ("KWPA"), Kan. Stat. § 44-313 *et seq.*; (2) Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 (and applicable Wage Orders issued under 7 C.C.R. § 1103-1), and; (3) New York Labor Law ("NYLL") § 650 *et. seq.* and 12 NYCRR § 142-2.2.

## **FACTS**

27.     Defendant HomeAdvisor operates a web-based digital marketplace that connects construction professionals with potential customers.  HomeAdvisor's business model relies upon the use of hourly workers employed at large call center facilities to facilitate the goals of its

online marketing and consulting business to professional contractors in the construction industry ("Service Professionals" or "SPs").

28.    Service Professionals are contacted by HomeAdvisor employees, online and over the phone, to establish "business-to-business" relationships that provide SPs with an online presence with HomeAdvisor, marketing and consulting services provided by HomeAdvisor Call Center Workers, and the ability to purchase business leads from HomeAdvisor.

29.    The primary job duties and function of Plaintiff and the HomeAdvisor Call Center Workers are the same or substantially similar, in that Plaintiff and the class of employees he seeks to represent are hourly call center employees whose primary functions involve placing inbound and outbound phone calls, computer tasks, data entry, and providing consulting and marketing support to current and prospective SPs in the HomeAdvisor network.

30.    Defendant HomeAdvisor operates six such call centers, which are located in Kansas, New York, Indiana, and Colorado.  The primary function of HomeAdvisor's vast facilities are to house HomeAdvisor Call Center Workers who perform the above phone and computer-based job duties and functions.

31.    Defendant HomeAdvisor employs hundreds of such employees in its call centers, with the largest facility located in Lenexa, Kansas, and smaller and more recent additions in Indianapolis, Indiana and Colorado Springs, Colorado.

32.    This matter concerns only those employees of Defendants who work, or worked, as a HomeAdvisor Call Center Worker in any of Defendants' six call centers located in Kansas, Indiana, New York, or Colorado.

33.    Defendants classify HomeAdvisor Call Center Workers as "non-exempt" under the FLSA and pay these employees on an hourly basis.

34.    Defendants compensate Plaintiff and other HomeAdvisor Call Center Workers by paying an hourly base rate, plus non-discretionary bonuses and commissions.

35.    Plaintiff and other HomeAdvisor Call Center Workers routinely worked more than forty hours (40) per workweek, but Defendants fail to pay overtime compensation at the proper one and one-half times the regular rate of pay.  Specifically, Defendant HomeAdvisor failed to include in its overtime calculation of the regular rate of pay under the FLSA and applicable state laws, and in turn its overtime rate of pay knowingly and unlawfully excludes the bonus, commission, and other non-discretionary amounts earned by Plaintiff and similarly-situated employees.

36.    Defendants apply this practice and policy uniformly to Plaintiff and the class he seeks to represent at all six call centers.

37.    Defendants also instruct, require, and/or knowingly permit the HomeAdvisor Call Center Workers to perform work "off the clock" without compensation.

38.    Defendants employ a timekeeping system that does not capture all the time the HomeAdvisor Call Workers spend working each day, as defined by the FLSA and applicable state laws.

39.    The HomeAdvisor Call Center Workers must log into a computer to start and stop this timekeeping system.

40.    Defendants require the HomeAdvisor Call Center Workers to be ready to work prior to the ability to clock-in for the start of their scheduled shifts.

41.    To do so, the HomeAdvisor Call Center Workers must arrive at their workstations before their scheduled start times to perform integral and indispensable preparatory tasks, including: (1) turning on and booting up their computers; (2) starting up various programs; (3)

logging onto various systems; (4) clock in by visiting a separate website; (5) reading e-mails and training material; and (6) completing other essential tasks.

42.    To "clock in" for the day, HomeAdvisor Call Center Workers must log into their computer, which requires the use of certain programs and systems on their computers.  They must boot up their computers, start up various programs, log into various systems, and/or complete other essential tasks, before they are able to consult with HomeAdvisor clients.

43.    Prior to the end of their shifts, the HomeAdvisor Call Center Workers are required to complete various work-related tasks, regardless of whether such tasks require that the person work in excess of 8 hours per day or 40 hours per week.  To complete these tasks, HomeAdvisor Call Center Workers must continue working after their scheduled end times to perform integral and indispensable tasks, including: (1) continuing and concluding incoming phone calls; (2) processing customer service requests; (3) scheduling appointments with healthcare providers; (4) finishing paperwork related to customer service requests; (5) turning off and logging out of their computers; (6) shutting down various computer programs; (7) logging out of various systems; and (8) completing other essential tasks.

44.    Defendants do not pay HomeAdvisor Call Center Workers for these integral and indispensable pre-shift and post-shift tasks that are necessary for the workers' principal activity of providing consulting and marketing customer service to current and potential Service Providers in the HomeAdvisor network.

45.    Defendant's failure to pay all earned wages, including overtime compensation, due and owing to HomeAdvisor Call Center Workers is ongoing and willful.

## COLLECTIVE CLASS ALLEGATIONS

46.    Plaintiff asserts FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential classes of opt-in litigants:

> 1.  All similarly-situated hourly call center workers who, for the three years preceding the date of the September 1, 2016 tolling agreement between the parties, were not paid overtime at the appropriate regular rate of pay by HomeAdvisor (the "FLSA Regular Rate Class").
>
> 2.  All similarly-situated hourly call center workers who, for the three years preceding the date of the September 1, 2016 tolling agreement between the parties, were not compensated for all time worked (the "FLSA Pre-/Post-Shift Class").

47.    Plaintiff seeks to pursue these claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).  Plaintiff is a member of the class he seeks to represent, and reserves the right to amend or supplement, as necessary, the above FLSA collective class definitions and/or the named representatives of the collective classes.

48.    Plaintiff and the members of the two potential classes of opt-in litigants (collectively, the "Collective Action Classes") are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendants did not pay for all hours worked, as mandated by the FLSA and under the law, and Defendants failed to pay employees at the appropriate regular rate of pay for purposes of overtime by knowingly and unlawfully excluding the bonus, commission, and other non-discretionary amounts earned by Plaintiff and similarly-situated employees.

49.    All, or virtually all, of the legal and factual issues that will arise in litigating the class claims are common to Plaintiff and the Collective Action Classes.  These issues include (1) whether and to what extent overtime hours were compensated at one and one-half times the appropriate regular rate of pay; (2) whether and to what extent Defendants did not pay for all

hours worked, and; (3) whether and to what extent these unpaid hours include hours worked over

40 in a week.

## RULE 23 CLASS ACTION ALLEGATIONS

50.    Plaintiff brings this action on behalf of himself and, pursuant to Rule 23 of the

Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All similarly-situated hourly call center workers in the states of
> Kansas, New York, Indiana, and Colorado who worked for
> Defendant HomeAdvisor any time during the five years prior to
> September 1, 2016 through the conclusion of this litigation (the
> "Rule 23 Class").

51.    Plaintiff is a member of the class he seeks to represent, and reserves the right to

amend or supplement, as necessary, the above class definition and/or the named representatives

of the putative class.

52.    The Rule 23 Class is sufficiently numerous that joinder of all members is

impractical, satisfying Federal Rule of Civil Procedure 23(a)(1).  There are hundreds of class

members during the class period.

53.    All members of the Rule 23 Class share the same pivotal common questions of

law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2).  Namely, all members

of the Rule 23 Class share the questions of (1) whether and to what extent Defendant did not pay

for all hours worked, (2) whether and to what extent these unpaid hours include hours worked

over 40 in a week, (3) whether and to what extent such overtime hours were compensated at one

and one-half times the regular rate of pay, (4) whether Defendant's actions constitute a breach of

contract for the payment of wages, and (5) whether Defendant's actions occurred in a state with a

statutory wage and hour statute that provides a legal mechanism by which employees may pursue

claims for breach of an employer's promise/contractual obligation for the payment of wages.

54.     Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Federal Rule of Civil Procedure 23(a)(3).  Defendants' failure to pay for all time worked was not the result of any Plaintiff-specific circumstances.  Rather, it arose from Defendant's common payroll policies and practices, which Defendant applied uniformly to all hourly HomeAdvisor Call Center Workers at Defendant's six call centers located in Kansas, Indiana, New York, and Colorado.

55.     The state laws at issue do not create a statutory right to unearned compensation, but rather a statutory mechanism for the recovery of consideration (i.e. wages, overtime, bonus compensation, etc.) owed pursuant to a promise or agreement by the employer for the payment of wages earned by the employee.

56.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.  Further, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Federal Rule of Civil Procedure 23(a)(4).

57.     By consistently failing to pay HomeAdvisor Call Center Workers for all hours worked and all overtime earned, Defendants have acted on grounds that apply generally to all members of the Rule 23 Class, such that final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole.  Accordingly, Plaintiff and the Rule 23 Class are entitled to pursue their claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2).

58.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct

for Defendants and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party class members.

59.    By consistently failing to pay its hourly call center workers for all hours worked and all overtime owed based upon the applicable regular rate of pay, Defendants have created a scenario where questions of law and fact common to Rule 23 Class members predominate over any questions affecting only individual members.    Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff and the Rule 23 Class are entitled to pursue their claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act)

60.    All previous paragraphs are incorporated as though fully set forth herein.

61.    At all times material herein Plaintiff and the HomeAdvisor Call Center Workers have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

62.    Defendants HomeAdvisor and Does 1-10 are, individually and collectively, employers covered by the FLSA.

63.    Plaintiff is, and all similarly-situated employees are or were, victims of a uniform, company-wide compensation policy that 1) fails to properly calculate the regular rate of pay for purposes of overtime, and 2) fails to record and compensate all time worked by hourly employees, including time worked pre-shift and post-shift.

64.    The FLSA entitles employees to compensation for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

65.     Some of the uncompensated time at issue is time worked in excess of forty (40) hours per week.

66.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours worked over 40 in a week. *See* 29 U.S.C. § 207.

67.     The FLSA requires that bonuses and other additional compensation must be included when calculating the applicable regular rate of pay for covered employees.  *See* 29 U.S.C. § 207(e).

68.     Some of the uncompensated time at issue is overtime time paid at "straight" time-and-a-half, which failed to include bonuses and other additional, non-discretionary compensation when calculating the applicable regular rate of pay for Plaintiff and the similarly-situated employees he seeks to represent.

69.     Defendants have violated the FLSA by failing to compensate Plaintiff and the similarly-situated employees he seeks to represent on a daily basis for all time worked, including overtime.

70.     In violation of the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## SECOND CAUSE OF ACTION
**(Breach of Contract - Plaintiff individually and on behalf of the Rule 23 Class)**

71.     Plaintiff, on behalf of himself and all members of the Rule 23 Class, re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

72.     The foregoing conduct, as alleged, constitutes breach of contract under Kansas, New York, Indiana, and/or Colorado law.

73.    Plaintiff and Defendants entered into a contract for the former to provide services to the latter at an agreed-upon wage.

74.    HomeAdvisor offered employment to the Plaintiff, individually, and the latter accepted. Both parties received consideration: the Plaintiff received money, and HomeAdvisor received the value of Plaintiff's time.

75.    HomeAdvisor specified, in writing or otherwise, the exact hourly rates and additional compensation that it agreed to pay Plaintiff for his time.

76.    HomeAdvisor also specified, in writing or otherwise, that it will pay non-exempt employees, such as Plaintiff and the Rule 23 Class members at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

77.    HomeAdvisor specified, in writing or otherwise, that the terms of such contract includes and incorporates the obligation to abide by applicable federal, state, and local law.

78.    The Rule 23 Class members likewise entered into contracts with HomeAdvisor in this manner.

79.    HomeAdvisor breached that contract by failing to pay Plaintiff and the Rule 23 Class members for all hours they worked for HomeAdvisor and for all wages owed, including overtime at the appropriate regular rate of pay.

80.    Plaintiff and the Rule 23 Class members suffered damages resulting from HomeAdvisor's breach of contract. Such damages include lost wages, interest, and such relief as the Court deems just and proper.

81.    At all relevant times, HomeAdvisor had a policy and practice of failing and refusing to pay the Plaintiff and the Rule 23 Class members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

82.     As a result of HomeAdvisor's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Plaintiff and the Rule 23 Class members at their agreed-upon hourly rate and, for work performed in excess of forty hours in a workweek, at a rate not less than one and one-half times the regular rate of pay, HomeAdvisor has breached – and continues to breach – its contracts with the Plaintiff and the Rule 23 Class members.

83.     Plaintiff, on behalf of themselves and the Rule 23 Class members, seek damages in the amount of the respective unpaid wages earned and due at a rate of their agreed-upon hourly rate for non-overtime hours and at a rate of one and one-half times the appropriate regular rate of pay for work performed in excess of forty hours in a workweek, interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
**(Kansas Wage Payment Act, Kan. Stat. § 44-313 et seq.)**

84.     All previous paragraphs are incorporated as though fully set forth herein.

85.     The foregoing conduct, as alleged, constitutes a violation of the Kansas Wage Payment Act under Kan. Stat. § 44-313 et seq. ("KWPA").

86.     At all relevant times, HomeAdvisor has been, and continues to be, an "employer" within the meaning of the KWPA.

87.     At all relevant times, HomeAdvisor has employed, and/or continues to employ, "employees" as that term is defined and interpreted pursuant to the KWPA at Kan. Stat. § 44-313 (b).

88.     The KWPA provides that "[e]very employer shall pay all wages due to the employees of the employer at least once during each calendar month, on regular paydays designated in advance by the employer." Kan. Stat. § 44-314(a).

89.     The KWPA further provides that an employer who willfully fails to pay an employee wages as required by Kan. Stat. § 44-314 "shall be liable to the employee for the wages due and also shall be liable to the employee for a penalty in the fixed amount of 1% of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the eighth day after the day upon which payment is required or in an amount equal to 100% of the unpaid wages, whichever is less." Kan. Stat. § 44-315 (b).

90.     At all relevant times, HomeAdvisor had a policy and practice of failing and refusing to pay Plaintiff and the Rule 23 Class members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

91.     Due to HomeAdvisor's failure to pay wages earned and due, and its decision to withhold wages earned and due, to Plaintiff and the Rule 23 Class members at their agreed-upon hourly rate, HomeAdvisor has willfully refused to pay all wages due as set forth in the preceding paragraphs of the Complaint to the Plaintiff and the Rule 23 Class in violation of the KWPA.

92.     Plaintiff, on behalf of himself and the Rule 23 Class members, seeks damages in the amount of the respective unpaid wages earned and due at a rate of their agreed-upon hourly rate, a penalty in the fixed amount of 1% of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the eighth day after the day upon which payment is required or in an amount equal to 100% of the unpaid wages, whichever is less, and such other legal and equitable relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION
**(Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 et seq.)**

93.     Plaintiff, on behalf of himself and all members of the Rule 23 Class, re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

94.     The foregoing conduct, as alleged, constitutes a violation of the Colorado Wage Claim Act ("CWCA").  Colo. Rev. Stat. § 8-4-101, and all applicable Wage Orders issued under 7 C.C.R. § 1103-01.

95.     At all relevant times, HomeAdvisor has been, and continues to be, an "employer" within the meaning of the CWCA.

96.     At all relevant times, HomeAdvisor has employed, and/or continues to employ, "employees" including Plaintiff and the Rule 23 Class members, as that term is defined and interpreted pursuant to the CWCA at Colo. Rev. Stat. § 8-4-101 (4).

97.     The CWCA provides that "[a]ll wages or compensation, other than those mentioned in section 8-4-109, earned by any employee in any employment, other than those specified in subsection (3) of this section, shall be due and payable for regular pay periods of no greater duration than one calendar month or thirty days, whichever is longer, and on regular paydays no later than ten days following the close of each pay period unless the employer and the employee shall mutually agree on any other alternative period of wage or salary payments." Colo. Rev. Stat. § 8-4-103 (1)(a).

98.     The CWCA defines "wages" or "compensation" as including the following: "[a]ll amounts for labor or service performed by employees, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculating the same or whether the labor or service is performed under contract, subcontract, partnership, subpartnership, station plan, or other agreement for the performance of labor or service if the labor or service to be paid for is performed personally by the person demanding payment.  No amount is considered to be wages or compensation until such amount is earned, vested, and

17

determinable, at which time such amount shall be payable to the employee pursuant to this article." Colo. Rev. Stat. § 8-4-101.

99.     The Colorado Administrative Code has adopted some regulations defining "hours worked" to include off-the-clock work. *See* 7 Colo. Code Regs. § 1103-1:2 ("Hours worked: the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work whether or not required to do so. Requiring or permitting employees to remain at the place of employment awaiting a decision on job assignment or when to begin work or to perform clean up or other duties "off the clock" shall be considered time worked and said time must be compensated").

100.    The CWCA further provides that "[a]ny person claiming to be aggrieved by violation of any provisions of this article or regulations prescribed pursuant to this article may file suit in any court having jurisdiction over the parties." Colo. Rev. Stat. § 8-4-110 (2). A court may order reasonable costs and attorneys' fees to be paid by the defendant. Colo. Rev. Stat. § 8-4-110 (1).

101.    At all relevant times, HomeAdvisor had a policy and practice of failing and refusing to pay Plaintiff and the Rule 23 members for all hours worked, by requiring, suffering, or permitting them to work off the clock.

102.    HomeAdvisor has failed to pay wages earned and due to the Plaintiff and the Rule 23 Class members at their agreed-upon hourly rate as set forth in the preceding paragraphs of the Complaint in violation of the CWCA.

103.    Plaintiff, on behalf of himself and the Rule 23 Class members, seeks the amount of the respective unpaid wages earned and due at a rate of their agreed-upon hourly rate,

liquidated or other damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Violation of NYLL § 650 et seq. and 12 NYCRR § 142-2.2)

104.    Plaintiff, on behalf of himself and all members of the Rule 23 Class, re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

105.    The foregoing conduct, as alleged, constitutes a violation of the NYLL § 650 et. seq. and 12 NYCRR § 142-2.2.

106.    At all relevant times, HomeAdvisor has been, and continues to be, an "employer" within the meaning of the NYLL and NYCRR.

107.    At all relevant times, HomeAdvisor has employed, and/or continues to employ, "employees" including Plaintiff and the Rule 23 Class members, as that term is defined and interpreted pursuant to the NYLL and NYCRR. *See* NYLL § 650 et seq. and 12 NYCRR. § 142-2.2.

108.    The NYLL And NYCRR require a covered employer, such as Defendants, to pay employees overtime at a rate of one and one-half times the employee's regular rate of pay in the manner and methods provided in the FLSA.  Plaintiff and the Rule 23 Class were not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

109.    During the applicable class period, Defendants knew that Plaintiff and the Rule 23 Class worked over 40 hours per week.  Defendants, however, intentionally failed to pay Plaintiff and the Rule 23 Class at the appropriate regular rate of pay for overtime for hours worked in excess of 40 hours per week, based on Defendants' failure to including bonuses and other non-discretionary compensation when calculating the appropriate regular rate of pay.

110.     During the applicable class period, Defendants knew that Plaintiff and the Rule 23 Class performed pre-shift and post-shift "off-the-clock" work.    Defendants, however, intentionally failed to pay Plaintiff and other HomeAdvisor Call Center Workers pay for pre-shift and post-shift "off-the-clock" work, some of which resulted in hours worked in excess of 40 hours per workweek.

111.     At all relevant times, HomeAdvisor had a policy and practice of failing and refusing to pay Plaintiff and the Rule 23 members for all hours worked, by requiring, suffering, or permitting them to work off the clock and by failing to pay them at the appropriate regular rate of pay for purposes of overtime.

112.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

113.     HomeAdvisor has failed to pay wages earned and due to the Plaintiff and the Rule 23 Class members at their agreed-upon hourly rate as set forth in the preceding paragraphs of the Complaint in violation of the NYLL and/or its regulations.

114.     Plaintiff, on behalf of himself and the Rule 23 Class members, seeks the amount of the respective unpaid wages including overtime at the appropriate regular rate of pay, an additional equal amount in liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### SIXTH CAUSE OF ACTION
**(Unjust Enrichment)**

115.     All previous paragraphs are incorporated as though fully set forth herein.

116.     Plaintiff brings this claim on behalf of himself and all members of the Rule 23 Class.

117.    Defendants are obligated to pay Plaintiff and the Rule 23 Class members for all time worked and wages owed under the state laws of Kansas, Indiana, New York, and Colorado.

118.    Because of the wrongful activities described above, including the failure to pay wages due and owing, Defendants have received the benefit of Plaintiff's and the Rule 23 Class members' unpaid labor and have therefore received money belonging to the Plaintiff and the Rule 23 Class.

119.    Defendants were clearly aware of and appreciated the benefit that Plaintiff and similarly situated employees conferred on them.

120.    Defendants have been unjustly enriched as a result of accepting the work of Plaintiff and the Rule 23 Class without proper compensation for all time worked.  It would be unjust to allow Defendants to enjoy the fruits of such employees' labor without proper compensation.

## DESIGNATION OF TRIAL LOCATION

121.    **Pursuant to Local Rule 40.2, Plaintiff requests that the Court designate Kansas City, Kansas as the place of trial.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Goheen prays for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C.  A declaration that Defendants have violated the FLSA;

D.  A declaration that Defendants' violation of the FLSA was willful and knowing;

E.  A judgment against Defendants and in favor of Plaintiff, and those he seeks to represent, for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA, Kansas law, Colorado law, Indiana law, and/or New York law;

F.  Prejudgment interest to the fullest extent permitted under the law;

G.  Liquidated damages to the fullest extent permitted under the FLSA;

H.  Liquidated or other damages to the fullest extent permitted under Kansas, Colorado, Indiana, and/or New York law;

I.  Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA; and,

J.  Such other and further relief as this Court deems just and proper.

Dated: February 28, 2017                    Respectfully submitted,


                                            */s/ Geoffrey L. Gross*
                                            **GEOFFREY L. GROSS  (KS # 24049)**
                                            LAW OFFICES OF GEOFFREY L. GROSS, LLC
                                            4717 Grand Avenue, Suite 250
                                            Kansas City, MO 64112
                                            Telephone:  (816) 945-9591
                                            Facsimile:  (816) 945-9578
                                            ggross@grossllc.com


                                            *Attorneys for Plaintiffs*

23